IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bradley Aaron Bianco,<br><br>        Plaintiff,<br>  v.<br><br>Claude W. Powell; David Ford;<br>Angela Boyd,<br><br>        Defendant. | Case No. 0:24-3866-RMG<br><br><br>**ORDER AND OPINION** |

     Before the Court is the report and recommendation (R&R) of the Magistrate Judge recommending that Plaintiff's case be summarily dismissed without prejudice and without issuance and service of process. (Dkt. No. 11). Plaintiff objected to the R&R. (Dkt. No. 13). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses Plaintiff's case without prejudice and without service of process.

### I.    Introduction

     Plaintiff's claims in this action stem from an incident during the course of which Plaintiff was evicted from real property by Johnny Holley and arrested for trespassing and burglary by Defendants Claude W. Powell and David Ford. Plaintiff claims that Holley assaulted him during the course of the eviction, and alleges that Defendants' failure to charge Holley with a crime constituted an equal protection violation. Plaintiff also claims the state magistrate judge violated his due process rights by signing an order of ejectment against him without notice or a hearing.

     The Magistrate Judge recommends Plaintiff's case be summarily dismissed on four grounds. First, the R&R determined that Plaintiff's claims against the state magistrate judge are barred by judicial immunity. (Dkt. No. 11 at 3). The R&R noted that Plaintiff failed to cite "any facts that would show that Plaintiff and Holley were similarly situated such that their unequal

treatment could plausibly be the result of intentional or purposeful discrimination" supporting an equal protection claim. (*Id.* at 4). With regards to Plaintiff's request to quash his state indictments, the R&R explained that injunctive relief is not typically available under 42 U.S.C. § 1983 to challenge the validity of confinement and runs contrary to the *Rooker-Feldman* doctrine "[t]o the extent Plaintiff seeks to overturn or overrule a decision by the state magistrate in the ejectment proceeding." (*Id.* at 5). The R&R also noted that Plaintiff failed to allege a concrete legal dispute, making a declaratory judgment of Plaintiff's rights inappropriate.

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

The majority of Plaintiff's objections reiterate the allegations made in his Complaint, and are not entitled to *de novo* review. Plaintiff objects that the state magistrate judge is not entitled to immunity because her failure to sign an order of ejectment or hold an ejectment proceeding

"were of a non judicial act not normally performed by a judicial officer." (Dkt. No. 13 at 3). Plaintiff explains that "normally in her judicial act the Plaintiff's peaceful possession would have been protected under her jurisdiction and enforcement of SC 15-67-410 . . . ." (*Id.* at 4). The Court understands Plaintiff to allege that Judge Boyd committed error, and thus is not entitled to judicial immunity. Even assuming this were true, such error would not strip the state magistrate judge of judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Plaintiff's objection is overruled.

### IV.    Conclusion

In light of the foregoing, the R&R is **ADOPTED** as the Order of the Court. (Dkt. No. 11). Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

                                                            s/Richard M. Gergel
                                                            Richard Mark Gergel
                                                            United States District Judge

August 16, 2024
Charleston, South Carolina